# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

BERNARD J. REED,

    Petitioner,

v.                                      CASE NO: 8:08-CV-514-T-30TGW

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____/

# ORDER

Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. #1). The Court has considered the petition, Respondents' response (Dkt. #9) and Petitioner's reply (Dkt. #25). Upon review, the Court determines that the petition must be denied because Grounds One, Two, and Three are without merit and Ground Four is procedurally barred.

## BACKGROUND

Petitioner was convicted on March 8, 2000, in the Thirteenth Judicial Circuit of Florida on two counts, one of attempted robbery with a firearm and the other of obstruction or opposing an officer without violence. He was sentenced on October 2, 2000, to fifteen years in prison on the attempted robbery count and time served for the obstruction count. Petitioner appealed his conviction to the Second District Court of Appeal, filing his notice

of appeal on May 2, 2000. On August 13, 2002, the Second District Court of Appeal dismissed his appeal for failure to comply with the court's order to transmit a copy of the record (Dkt. #11, Vol. I, Ex. 1). Petitioner did not seek certiorari review with the United States Supreme Court.

At the time the conviction became final, the running of the one-year time limit to file a §2254 petition was already tolled as Petitioner had filed a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850 on November 2, 2001 (Dkt. #11, Vol. I, Ex. 3 at 68-82). Proceedings on this Rule 3.850 motion continued for over three years and, after an evidentiary hearing was conducted, the post-conviction court denied the motion on March 15, 2005. Petitioner sought to appeal this ruling and it was affirmed *per curiam* without opinion on December 9, 2005. *Reed v. State*, 919 So. 2d 448 (Fla. 2nd Dist. Court. App. 2005)[table]. Petitioner sought a rehearing of the appeal, which was denied, and the mandate issued on February 10, 2006, at which point the one year time limitation to file this petition finally began to run.

Petitioner next filed a motion to correct his sentence (Dkt. #11, Vol. IV, Ex. 9). This motion was denied as not legally cognizable and facially insufficient. Petitioner filed an appeal of this denial, and the denial was affirmed *per curiam* without opinion on May 2, 2007. *Reed v. State*, 955 So. 2d 576 (Fla. 2nd Dist. Court. App. 2007)[table]. The mandate issued on May 24, 2007.

The petitioner filed the instant petition on March 14, 2008.

## TIMELINESS OF PETITION

The question of whether Petitioner's instant petition for habeas corpus relief was timely filed centers upon the issue of whether his motion to correct his sentence, brought under Florida Rule of Criminal Procedure 3.800(a), should be considered properly filed. The motion was denied by the Florida courts for raising a claim which was not legally cognizable as a Rule 3.800(a) claim. This Court determines that the petition was properly filed for the purposes of tolling the AEDPA's one year limitation.

The Petitioner raised a claim of vindictive sentencing by the judge in his criminal trial, asserting that he was improperly sentenced to 15 years in prison rather than the 10 years which he was offered in the plea negotiations in which the judge had participated. The Florida post-conviction court ruled that pursuant to the decision in *Boyd v. State*, 880 So.2d 726, 727 (Fla. 2d Dist. Court. App. 2004), a claim of vindictive sentencing was not legally cognizable as a Rule 3.800(a) claim and the Petitioner's motion could not be considered as a Rule 3.850 claim because the time limit for filing claims under 3.850 had elapsed. The claim was therefore denied. This ruling was affirmed by the state appellate court *per curiam* and the Petitioner was again directed to the *Boyd* opinion.

Despite the Petitioner's failure to raise his claim in the proper procedural form before the Florida courts, this Court concludes that the motion was properly filed for the purposes of §2244(d)(2). The United States Supreme Court has ruled that "an application is 'properly

filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The Supreme Court elaborated that these applicable rules included such things as "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.* Notably, the Court continued that "the question whether an application has been 'properly filed' is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar." *Id.* at 9.

The Eleventh Circuit has interpreted the *Artuz* decision and it's application to the situation now before the Court, whether a motion "sufficed to toll the limitations period even though it was dismissed because it was brought pursuant to the wrong statutory vehicle, that is, a Rule 3.800 motion rather than a Rule 3.850 motion." *Delancy v. Florida Dep't of Corr.*, 246 F.3d 1328, 1330 (11th Cir. 2001). The Eleventh Circuit answered in the affirmative, holding that a court should not look "beyond the face of [Petitioner's] Rule 3.800 motion to consider the individual claims (i.e., whether they are challenges to consecutive sentences or to illegal sentences) in determining whether that motion was 'properly filed' under §2244(d)(2)." *Id.* The *Delancy* court found that, despite being brought pursuant to the wrong statutory vehicle, the motion was in fact "'properly filed' under § 2244(d)(2) because the Rule 3.800 motion, on its face, met state procedural and filing requirements." *Id.* at 1331.

The motion in question in the instant case, like that in *Delancy*, on its face met the state procedural and filing requirements and therefore was properly filed for the purposes of

28 U.S.C. §2244(d)(2). Because the motion to correct sentence served to toll the one year time limitation, the instant petition was filed after a total of 327 days had elapsed, within the one year allowed to file a petition seeking habeas corpus relief under §2254. As such, the petition is timely filed and will be addressed on the merits.

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") enacted and taking effect on April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C § 2254(a). Under 28 U.S.C. § 2254(d) and (e) this Court is highly deferential to the factual findings of the state courts, granting them the presumption of correctness unless they are rebutted by "clear and convincing evidence." Similarly the state courts' application of law - including the resolution of constitutional issues - are to be accepted by this Court unless they are "contrary to" clearly established precedent of the United States Supreme Court or involve an "unreasonable application" of said precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). It is not sufficient for the Court to believe that the state courts were incorrect in their application of federal law, the state court decision must be demonstrated to be "objectively unreasonable." *Id.* at 365.

## DISCUSSION

Since the petitioner was convicted following the enactment of AEDPA, his petition is subject to the provisions thereof. Because the claims raised were initially considered by a state court, their review is governed by §2254(d). *See Mobley v. Head*, 267 F.3d 1312, 1316 (11th Cir. 2001).

**Ground One**

Petitioner alleges that he was denied the effective assistance of counsel when his attorney "failed to conduct an adequate and meaningful pretrial investigation by not having blood and bodily fluids tested" (Dkt. #1). Petitioner asserts that he asked his trial counsel to have the blood and vomit found in the getaway car DNA tested because the DNA test would have exonerated him.

The United States Supreme Court has determined that in order to establish a prima facie claim for ineffective assistance of counsel, the Petitioner must show not only that counsel's performance was deficient, but also that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A performance cannot be ruled deficient unless it is objectively unreasonable under prevailing professional norms. *Id.* at 688. A Petitioner has been prejudiced where there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Relief cannot be granted unless defendant is able to "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"

*Strickland*, 466 U.S. at 689.

In judging the claim this Court "must look at the representation that [counsel] provided and determine whether it was objectively reasonable, and sufficed to make [Petitioner's] trial fair. Or more accurately, in light of AEDPA, we must determine whether the state court acted unreasonably in determining that [counsel] was not ineffective." *Crawford v. Head*, 311 F.3d 1288, 1311 (11th Cir. 2002).

Looking at the issue of whether the performance of counsel was unreasonable, this Court cannot conclude that it was. While there are alternate routes which could have been pursued in presenting the Petitioner's defense, "the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000)(en banc)(quoting *Burger v. Kemp*, 483 U.S. 776 (1987)). Counsel made a strategic decision to argue that, as a result of sloppy investigation and police work, the State had failed to meet its burden of proof. This Court "'cannot, and will not, second guess' the 'strategic decisions trial counsel are called upon to make.'" *Keeley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1353 (11th Cir. 2004)(quoting *Waters v. Thomas*, 46 F.3d 1506, 1518-19 (11th Cir. 1995)(en banc)). While there may have been alternative strategies which counsel could have pursued, it cannot be said that the decision to argue that the State failed to meet the burden of proof was objectively unreasonable.

The decision not to have the fluids in the car tested was a strategic decision on the part of trial counsel. The Petitioner did not ask his counsel to have the materials tested, but rather

requested a copy of test results which he believed existed. The state court found this as fact and Petitioner has presented no clear and convincing evidence to rebut this finding. Trial counsel clearly recognized that DNA testing of evidence by the defense can be a double edged sword. It presents the chance not only of offering evidence favorable to the client, but also of instead further incriminating the client if the DNA is a match. To avoid that risk altogether and instead argue that the State failed to meet its burden of proof by not testing is not only a reasonable trial strategy, it is an approach which would be taken by many attorneys facing the same situation.

Indeed, Petitioner's counsel expressly and adequately argued the lack of DNA testing at trial to suggest that the State had not done what it must in order to meet its burden of proof. Counsel urged the jury to consider this question in closing arguments, stating to the jury:

> "DNA analysis, what better way to prove their case or to meet their burden of proof in this case? Not just to make assumptions and conclusions, what better way to solve this case than to submit the blood and the vomit, any other liquids that may have been seized and make a comparison to determine is that Mr. Reed's blood inside the vehicle? ... We don't know. And the only way we could have found out is if these things had been submitted to the lab for analysis and that wasn't done."

(Dkt. #11, Vol. I, Ex. 3 at 55-56).

"The Supreme Court has mandated a highly deferential review of counsel's conduct, especially where strategy is involved. Intensive scrutiny and second-guessing of attorney performance are not permitted." *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994)[citations omitted], *see also White v. Singletary*, 972 F.2d 1218, 1220 (11th Cir.

1992)("Courts also should at the start presume effectiveness and should always avoid second-guessing with the benefit of hindsight.").

This Court cannot in hindsight look back and determine whether a strategic decision was reasonable based upon whether or not it was successful. Looking instead at the broad range of strategies which could be pursued by reasonable defense attorneys, this Court finds that counsel's decision to argue insufficient evidence instead of conducting DNA tests fell within the range of reasonable conduct. As such, the first prong of *Strickland* was not met and the Petitioner is not entitled to relief on the claim presented in Ground One.

**Ground Two**

Petitioner claims that he was deprived of the effective assistance of counsel when his trial attorney "failed to attack the state's fallacious discovery during pretrial investigations" (Dkt. #1). He alleges that the State provided a discovery packet indicating that they possessed evidence such as DNA evidence, confidential informants, and ballistics testing when in fact none existed and that his attorney was ineffective for not alleging discovery violations.

When the state post-conviction court reviewed this claim, it made findings of fact that the State had indicated that its possessed DNA evidence, confidential informants and ballistic tests, and that the State did not actually possess any of this evidence. The state court also found, however, that in light of the defense counsel's strategy of emphasizing the State's failure to obtain damning evidence such as this, there was no prejudice.

These are factual findings by the state court and as such are to be accepted by this Court in the absence of clear and convincing evidence that the factual conclusion was incorrect. 28 U.S.C §2254(e)(1). The Petitioner has put no evidence before this Court to explain how the state court's finding of facts were incorrect and to indicate what prejudice he has suffered, but has instead simply repeated the allegations made to the state court and asserted in generalities that he was denied a fair trial without pointing to how. As such, this Court is unable to conclude that Petitioner has overcome the presumption of correctness granted to the state court and must deny relief on the claim presented in Ground Two.

**Ground Three**

In Ground Three the Petitioner alleges that he was denied the effective assistance of counsel when his attorney "failed to conduct adequate and meaningful pretrial investigation by not having bullets tested or retested" (Dkt. #1). The Petitioner argues that if the bullets were tested they would have shown that Petitioner was shot by someone else, not the store clerk. This claim was originally heard by the state post-conviction court hearing the Petitioner's Rule 3.850 motions.

It is unclear in this case whether the Petitioner intended to raise his attorney's failure to obtain ballistics testing on the bullets, which he claims were taken from Kendra McGroo's apartment, or if he intended to argue his attorney's failure to procure the medical records showing the Petitioner's treatment for gunshot wounds. The petition appears to raise only the issue of ballistics testing, but the State of Florida's response (Dkt. #9) and the Petitioner's

reply (Dkt. #25) discuss solely the issue of the Petitioner's medical records. Since only the issue of the ballistics testing was raised in the petition, that is the claim which this Court must address.

The state post-conviction court, after conducting an evidentiary hearing, determined that the Petitioner believed the State of Florida to have in its custody bullets and bullet fragments removed from Ms. Kendra McGroo's apartment near where the defendant was arrested. He thought these bullets should be subjected to ballistic testing which would in some way prove that the gunshot wounds he was suffering from at the time of his arrest were not from the shots fired by the store clerk, but rather from someone else shooting him that day.

The state court found that the Petitioner presented no evidence that the bullets or fragments in question actually existed or had been removed from Ms. McGroo's apartment such that they could be subjected to ballistics testing. Ms. McGroo was subpoenaed by the post-conviction court, but twice failed to appear and did not come to support the allegations that bullets had been taken from her apartment. The post-conviction court determined that the Petitioner could not show how he was prejudiced under *Strickland* by his counsel's failure to test bullets which could not even be shown to exist. Since the Petitioner addressed this issue only in his petition and has presented no evidence whatsoever to this Court, much less clear and convincing evidence, this Court agrees with the state court that counsel's failure to test the alleged bullets did not in any way prejudice the Petitioner.

If this claim was instead intended to address counsel's failure to produce the Petitioner's medical records it would also fail. The Petitioner contends that the State at trial said that he was shot twice, with one bullet being removed from him and another being left in his body. This allegedly created the presumption that the bullet inside the Petitioner was fired by the store clerk and was the bullet missing from the crime scene. The Petitioner argues that his medical records would instead show that he was shot twice, once in the arm where the bullet passed through him and could not be found, and again with a bullet which was left inside the Petitioner and only fragments of which could be removed. The state post-conviction court determined that there was no prejudice to the Petitioner since the exact same presumption that the bullet left inside of him came from the clerk's gun would be possible if medical records were presented showing that he was shot twice with one bullet left inside of him and the other passing completely through him (Dkt. #11, Vol. I, Ex. 3 at 83). This Court is unable to find any explanation in Petitioner's reply of how the assumption would change if his medical records were presented and therefore agrees with the state court that counsel's failure to produce medical records did not prejudice the Petitioner.

Both the claim regarding ballistics testing raised in the petition and the claim about the medical records found in the response and the reply fail. The Petitioner is not entitled to relief on Ground Three.

**Ground Four**

The Petitioner asserts that he was denied his due process rights when he received a vindictive sentence. He alleges that prior to trial the judge participated in plea negotiations where he was offered and turned down 10 years incarceration but was then sentenced to 15 years in prison following his conviction.

This claim is procedurally barred and cannot be considered by this Court. Plaintiff attempted to bring the claim before the state courts in the form of a Rule 3.800(a) motion to correct sentence. The state court denied this motion as not being a legally cognizable claim in the form of a Rule 3.800(a) motion and could not consider the filing to be a Rule 3.850 motion as the time for filing under Rule 3.850 had already passed. "Pursuant to the doctrine of procedural default, a state prisoner seeking federal habeas corpus relief ... who attempts to raise [his federal constitutional claim] in a manner not permitted by state procedural rules is barred from pursuing the same claim in federal court" unless he can make a showing of cause for and prejudice from his default. *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994). Petitioner makes no effort to show cause and prejudice and this Court is unable to find any evidence in the record of "some external impediment" which kept him from properly constructing the claim and as such cannot now bring the claim before this Court for review. *Lynn v. United States*, 365 F.3d 1225, 1233 (11th Cir. 2004).

The state court's ruling was an interpretation of Florida's procedural rules which this Court does not sit to review. "As a general matter, and absent some important exceptions,

when a state court denies relief because a party failed to comply with a regularly applied and well-established state procedural rule, a federal court will not consider that issue." *Smith v. Texas*, 550 U.S. 297, 313 (2007).

Since Ground Four was never appropriately raised before the state court system in Florida, this Court cannot consider the claims raised and Ground Four fails.

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DENIED.

2. The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on August 3, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*F:\Docs\2008\08-cv-514.deny 2254.wpd*